[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
In this matter the State of Connecticut has petitioned for the forfeiture of real property consisting of a Cape Cod style structure and surrounding land at 133 Main Street, Hanover, Connecticut, under the provision of General Statutes § 54-36h. Respondent, found to be an owner-interested person, has moved to dismiss the petition. For reasons hereinafter stated, the motion is denied.
Except as noted, the facts underlying this action are not greatly in dispute and may be summarized as follows.
The property was acquired by respondent and Catherine A. Proulx on December 23, 1983. Catherine A. Proulx conveyed her interest in the property to respondent on October 22, 1987. The property is encumbered by a mortgage dated December 23, 1983, in favor of Farmers Home Administration in the original amount of $55,000.
The state has appraised the property at a fair market value of $97,500. Defendant has appraised the property at $88,000. The mortgage is subject to a subsidy repayment agreement because the federal government has paid a substantial part of the mortgage.
As a result of information having been received concerning sales of marijuana being made on the premises a search warrant was issued and executed on March 1, 1994. As a result of such search, eleven clear plastic bags containing a total of 4,771 grams of marijuana were located in the basement. Also located in a bandsaw in the basement was $10,780 and an additional 339 grams of marijuana. Other drug-related items including scales and notes were located in the house. An officer who conducted the search has indicated that the marijuana seized could have been sold for $40,000.
As a result of the search and seizure, respondent was arrested. After a plea of nolo contendere, he was convicted of possession of marijuana with intent to sell in violation of General Statutes § 21a-277 and a five-year prison term was imposed with execution suspended and five years probation.
Respondent has moved to dismiss the petition. He has asserted his grounds for dismissal as follows: CT Page 1505
(1) Said seizure and petition for forfeiture will have the effect of putting the said Paul Proulx twice in jeopardy for the same offense in violation of the state and federal constitutions.
(2) Said seizure and petition for forfeiture violate the state and federal constitutions' proscriptions against excessive fines and cruel and unusual punishments.
(3) The petition is in the nature of a proceeding in rem deemed a civil suit in equity and if forfeiture were to be ordered, equity will not be done, in violation of the equitable maxim "that he who seeks equity must do equity."
A motion to dismiss is a pleading whereby a party may question the jurisdiction of the court to consider a particular case — Practice Book § 142. Section 143 of the Practice Book sets forth the grounds by which a party may assert lack of jurisdiction. Such grounds are limited to ". . . (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process."
Respondent has failed to allege any lack of jurisdiction as required by the Practice Book and the factual situation does not indicate any jurisdictional defect.
At best, respondent has alleged claims of law which may, after hearing, constitute a bar to the confiscation of the property.
The state has brought this action under the provision of General Statutes § 54-36h which provides that certain properties shall be subject to forfeiture. In the petition, the state has set forth a claim under all provisions of the statute whether such provisions are applicable or not. Subsections (2), (3) and (4) of § 54-36h(a) could be applicable here.
Before the property could be ordered forfeited, the state would have to prove by clear and convincing evidence that the property was the proceeds of, or derived directly or indirectly, from the sale of a controlled substance. The state could also prove its case by demonstrating by clear and convincing evidence that the property was used or intended for CT Page 1506 use to commit a violation of § 21a-277 for pecuniary gain.
In U.S. v. Halper, 490 U.S. 448, 109 S.Ct. (1989), the United States Supreme Court, under the double jeopardy clause of the federal constitution held that a defendant, such as respondent here, who has already been punished in a criminal prosecution may not be subject to an additional civil sanction to the extent that the second sanction may not be characterized as remedial but only as a deterrent or retribution.
The court has also reviewed Browning-Ferris Industriesv. Kelco Disposal, Inc., 492 U.S. 263, 109 S.Ct. 2909 (1989), and Austin v. U.S., ___ U.S. ___, 113 S.Ct. 2801 (1993).
Austin is very close to the case at bar in that it involved an in rem forfeiture action against the property of a person who had been convicted of a drug violation. Relying onHalper, the court held that the forfeiture could be considered punishment and could fall under the Eighth Amendment prohibition against excessive fines. The Supreme Court, however, refused to establish a test to determine whether the forfeiture was excessive. This question was remanded to the trial court where the parties could submit evidence and a finding could be made on the question.
Although the majority in Austin provided no guidance as to how to measure excessiveness, Justice Scalia's concurring opinion must be noted. He points out that in certain types of forfeiture actions, the question of excessiveness is not always determined by the appropriate value of the penalty in relation to the committed offense. According to Justice Scalia "(t)he question is not how much the confiscated property is worth, but whether the confiscated property has a close enough relationship to the offense."
Even though respondent may be correct in some of his claims of law, the court has jurisdiction to proceed in this matter. Factual issues must be resolved. General Statutes § 54-36h(b) requires that the court hear the evidence and make findings of fact and enter conclusions of law with respect to forfeiture actions.
Accordingly, the motion to dismiss is denied.
Purtill, J. CT Page 1507